# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>          Plaintiff,<br><br>     vs.<br><br>DOES 1-59,<br><br>          Defendants. | Case No.: 1cv12-0888 AWI DLB<br><br>ORDER DENYING MOTIONS FOR A PROTECTIVE ORDER, AND TO QUASH, RECONSIDER AND SEVER<br><br>(Documents 6, 8, 10 and 15) |

Currently before the Court are motions for a protective order and to quash, sever and reconsider filed by Does 8, 14, 25, 32 and 35. The motions were heard on September 21, 2012, before the Honorable Dennis L. Beck, United States Magistrate Judge. Zachary Rayo appeared on behalf of Doe 25 and Nicholas Ranallo appeared on behalf of Does 14 and 32. Does 8 and 35, who are appearing pro se, did not appear at the hearing. Leemore Kushner appeared on behalf of Plaintiff Malibu Media, LLC ("Plaintiff").

## PROCEDURAL BACKGROUND

Plaintiff filed this copyright infringement action against Does 1 through 59 on May 29, 2012. The complaint alleges that each Defendant used the Internet and BitTorrent protocol to commit direct and contributory copyright infringement of the movie "Lunchtime Fantasy." Defendants were known only by their Internet Protocol ("IP") addresses.

1

On May 31, 2012, Plaintiff filed an ex parte application for leave to serve third party subpoenas prior to the Rule 26(f) conference. Plaintiff sought to serve a Rule 45 subpoena on Defendants' Internet Service Providers ("ISP") so that it could learn Defendants' true names, addresses, telephone numbers and e-mail addresses. Plaintiff alleged that good cause existed because it properly pled copyright infringement, there was no other way to obtain Defendants' true identities, there was a risk that the ISP would destroy its logs prior to the Rule 26(f) conference, it clearly identified the information sought, the information was needed to advance its claims, and its interest in knowing Defendants' names outweighed Defendants' interests in remaining anonymous.

The Court granted the application on June 1, 2012.

On July 12, 2012, Doe 8, proceeding pro se, filed a Motion to Quash, Sever and Dismiss.

On July 19, 2012, Doe 25, proceeding through counsel, filed a Motion to Reconsider, Quash and Sever.

Also on July 19, 2012, Does 14 and 32, proceeding through the same attorney, filed a Motion for Protective Order.

On July 20, 2012, Doe 35, proceeding pro se, filed a Motion to Quash.

## **ALLEGATIONS IN COMPLAINT**

Plaintiff alleges that Defendants engaged in direct and contributory copyright infringement of the movie "Lunchtime Fantasy" ("Movie") using IP addresses traced to physical addresses within this District. Plaintiff alleges that Defendants used BitTorrent, a peer-to-peer file sharing protocol, to infringe its copyright sometime between March 19, 2012, and May 23, 2012.

BitTorrent allows users to join a "swarm" of host computers to download and upload from each other simultaneously. Plaintiff alleges that each Defendant installed a BitTorrent Client, a software program that implements the BitTorrent protocol, onto his or her computer.

Once installed, the Client serves as the user's interface during the process of uploading and downloading data using the BitTorrent protocol.

A BitTorrent user that wants to upload a new file, known as an "initial seeder," creates a "torrent" descriptor file using the Client. The Client then takes the file, the "initial seed" (here, the subject website containing the copyrighted Movie), and divides it into groups of bits known as "pieces." The Client gives each piece a "hash," which is a unique identifier, and records the hash in the torrent file. When another peer later receives a particular piece, the hash identifier of the piece is compared to the hash identifier in the torrent file to ensure that the piece is authentic and uncorrupted.

A "tracker" computer is used to direct a peer user's computer to other peer user's computers that have particular pieces of the file and facilitates the exchange of data among the computers

Plaintiff alleges that each Defendant went to a "Torrent site," which indexes files currently available for copying and distribution, to upload and download the Movie.

Once a peer receives a piece of the computer file, the BitTorrent protocol starts transmitting that piece to other peers. In this way, all of the peers and seeders are working together in what is known as a "swarm." When a peer has downloaded the full file, the Client reassembles the pieces and the peer is able to view the movie. Plaintiff alleges that each Defendant peer member participated in the same swarm and directly interacted and communicated with other members of that swarm through "digital handshakes, the passing along of computer instructions, uploading and downloading, and by other types of transmissions." Complaint, ¶ 33.

# DISCUSSION

A.   Joinder

The requests for the issuance of a protective order and to reconsider, quash and sever are based, in large part, on Does' contention that they have been improperly joined in this action. The Court recognizes that numerous courts in California, and across the country, have analyzed the issue and reached different results. Indeed, both Plaintiff and Defendant Does have provided ample, opposing authority to support their respective positions. However, this Court's review is limited to the facts and allegations before it and the decision will not be swayed by unsupported generalizations.

Pursuant to Federal Rule of Civil Procedure 20(a)(2), defendants may be joined in one action when claims arise from the same transaction or occurrence or series of transactions or occurrences, and any question of law or fact in the action is common to all defendants. The permissive joinder rule "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F.2d 914, 917 (9th Cir.1997).

"The Ninth Circuit has interpreted the phrase 'same transaction, occurrence, or series of transactions or occurrences' to require a degree of factual commonality underlying the claims." Bravado Int'l Group Merchandising Servs. v. Cha, 2010 WL 2650432, at *4 (C.D. Cal. 2010) (citing Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir.1997)). Typically, this means that a party "must assert rights ... that arise from related activities-a transaction or an occurrence or a series thereof." Id. (citation omitted).

With regard to BitTorrent cases such as this, the Northern District of California has explained:

> Recently, courts in this District—as well as several other federal districts—have come to varying decisions about the proprietary of joining multiple defendants in BitTorrent infringement cases. See MCGIP, LLC v. Does 1–149, 2011 WL 3607666, at

*3 (N.D.Cal. Aug.15, 2011) (listing a sample of recent decisions).  This Court has carefully reviewed such decisions and notes that they are highly dependent on the information the plaintiff presented regarding the nature of the BitTorrent file-sharing protocol and the specificity of the allegations regarding the Doe defendants' alleged infringement of the protected work. Both of these factors guide the Court's joinder analysis in this matter as well.
Third Degree Films, Inc. v. Does 1-178, 2012 WL 3763649, *4 (N.D. Cal. 2012).

With this allegation-specific approach in mind, the Court turns to the allegations in the complaint.  As in many of the cases where joinder has been upheld at this stage of the proceedings, Plaintiff has alleged that each Defendant participated in the same swarm, downloading and distributing the same movie, during the same time period.  The Court finds that such allegations, at this juncture, satisfy the requirement that the claims arise from the same transaction and occurrence, raise common issues of law and fact and appear logically related.  See eg. Third Degree Films, Inc. v. Does 1-178, at *5; Liberty Media Holdings, LLC v. Does 1-62, 2012 WL 628309, *7 (S.D. Cal. 2012).

Accordingly, Does' requests to sever, at this early stage of the proceedings, are DENIED as premature.

B.     Quashing Subpoenas

Having determined that Plaintiff's allegations make severance premature, discovery becomes necessary to determine whether these allegations are factually supported.  Such discovery begins with identification of the Doe Defendants who are alleged to have infringed Plaintiff's copyrighted work.

To the extent Does argue that the early discovery is not "very likely" to reveal the identity of the actual infringer given the nature of wireless networks, the argument is not persuasive.  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  In the Court's order granting expedited discovery, it found the existence of good cause and Does have not provided a sufficient reason to quash the subpoenas under Rule 45(c)(3).

The Does' citation to facts specific to their circumstances also does not warrant quashing the subpoenas. For example, Doe 25 contends that he or she was out of the country during the time the alleged infringement took place. Declaration of Zachary Rayo, ¶ 2. Doe 35 contends that he or she lives in a two-story structure with internet access that is readily accessible to house residents, guests and passersby. Such facts, however, are defenses to be presented during the course of litigation and are not grounds to quash a subpoena.

The Court's refusal to quash the subpoenas also acknowledges that the requested discovery is the *only* means by which Plaintiff can move forward with its copyright infringement claim.

C.  Privacy Concerns

Although the Court declines to sever Defendants or quash the subpoenas, it recognizes that there may be reasons why a Doe Defendant may not want to be identified in cases such as this. As discussed at the hearing, Plaintiff has agreed to continue to refer to the Doe Defendants by their corresponding Doe number. Once a Doe Defendant appears, however, the Court must be able to identify them by name.

## **ORDER**

For the reasons discussed above, the motions for a protective order and to reconsider, sever, quash are DENIED.

IT IS SO ORDERED.

Dated:   **September 24, 2012**              /s/ *Dennis L. Beck*
                                             UNITED STATES MAGISTRATE JUDGE